# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| WASEEM DAKER,<br><br>                 Plaintiff,<br><br>  v.<br><br>REDFIN CORPORATION INC, et al.,<br><br>                 Defendants. | CASE NO. 2:20-cv-00752-RAJ-BAT<br><br>**ORDER OF TRANSFER** |

Plaintiff, who is currently incarcerated in Valdosta State Prison in Valdosta, Georgia, filed a complaint in this District for "torts committed under Georgia state law" and for "breach of contract committed under Georgia state law." Dkt. 1. Plaintiff names Redfin Corporation, a Washington corporation; Sheena Anwer, a Georgia resident employed as a real estate agent by Redfin in Alpharetta, Georgia; Mohamed Kashif Anwer, a Georgia resident, married to Sheena Anwer and the prospective buyer of Plaintiff's house in Georgia; and Kelley Sweet, a Georgia resident employed as a selling broker by Redfin in Alpharetta, Georgia.

In general, Plaintiff alleges that the defendants wrongfully terminated a real estate contract for the purchase of his home after he had incurred expenses in completing agreed

ORDER OF TRANSFER - 1

repairs and that they conspired to delay termination of the real estate contract so that his home would remain under contract and off the market so as not to compete with other Redfin-listed comparable homes in the area. *Id*. He claims tortious "inducement of breach of contract;" intentional infliction of emotional distress; breach of contract; and unethical hiring practices (and failure to terminate the employment of Answer and Sweet) by Redfin. Plaintiff seeks actual damages of $5,600 for a loss in sales price "plus $30,055.00 in other expenses"; $200,000.00 for intentional infliction of emotional distress, and $250,000.00 in punitive damages. Dkt. 1, p. 12.

Because all the individual defendants are residents of a district outside of this one, all events giving rise to Plaintiff's claims appear to have occurred in Alpharetta, Georgia, and Redfin is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced, venue is proper in the United States District Court, Northern District of Georgia, Atlanta Division.

## DISCUSSION

The only basis for federal subject matter jurisdiction in this case is diversity of citizenship, so the applicable venue statute is 28 U.S.C. § 1391(a), which provides:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).

ORDER OF TRANSFER - 2

Subsection (c) of § 1391, defines residency for corporate defendants more broadly than residency for the purposes of diversity of citizenship. Subsection 1391(c) states that for the purposes of venue, "a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c). However, courts have interpreted "§ 1391(a)(1) as requiring the "district where any defendant resides" to be in the state where all defendants reside." *Columbia Cas. Co. v. SMI Liquidating*, 2010 WL 3037242, *2 (N.D. Cal. July 30, 2010), *citing with approval Dashman v. Peter Letterese & Assocs.*, 999 F. Supp. 553, 555 (S.D.N.Y. 1998) ("Section 1391(a)(1) cannot be read, however, to mean that as long as all defendants reside in the same state, venue is proper in a district in some other state where any corporate defendant happens to be subject to personal jurisdiction. The language of § 1391(a)(1) contemplates venue in a judicial district within the state in which all defendants reside."); *see also Jorgens v. P & V, Inc.*, 2007 WL 840309 (E.D.Cal. March 16, 2007); Jonathan Siegel, What Statutory Drafting Errors Can Teach Us About Statutory Interpretation, 69 GEO. WASH. L. REV. 309. 318 (2001) ("The whole point of § 1391(a)(1) would, in fact, be utterly thwarted if it could be transformed from a statute providing that defendants could be sued in judicial districts reasonably near their homes to a statute permitting a clever plaintiff's counsel to drag defendants clear across the country when they have the misfortune to have a corporation as a codefendant").

Plaintiff and all the defendants, are domiciled or located in the Northern District of Georgia. Although Defendant Redfin is a Washington corporation, Redfin has an office,

ORDER OF TRANSFER - 3

where two of the defendants are employed, in the Northern District of Georgia.

In addition, § 1391(a)(2), allows for venue in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred or where a substantial part of property that is the subject of the action is situated. The real estate relevant to Plaintiff's claims, is located in Georgia (presumably in or around Alpharetta, Georgia, where the individual defendants reside and are employed). The real estate contract underlying Plaintiff's claims for breach of contract, tortious interference, and intentional infliction of emotional distress, was also presumably executed in Alpharetta, Georgia.

When a case is filed in the wrong district, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. 1406(a). The Court concludes that it is in the interest of justice to transfer the instant action to the District Court in Georgia.

Accordingly, this case is hereby **TRANSFERRED** to the United States District Court for the Northern District of Georgia. The Clerk is directed to take the steps necessary to transfer this case. The Clerk is further directed to send copies of this Order to Plaintiff and to the Honorable Brian A. Tsuchida.

DATED this 29th day of May, 2020.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER OF TRANSFER - 4