IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WASEEM DAKER,<br>GDC No. 901373,<br>   Plaintiff,<br><br>v.<br><br>REDFIN CORPORATION, INC.,<br>   Defendant. | PRISONER CIVIL ACTION<br>28 U.S.C. § 1332<br><br><br><br>CIVIL ACTION NO.<br>1:20-cv-2561-SDG-JKL |

**ORDER AND FINAL REPORT AND RECOMMENDATION**

Plaintiff Waseem Daker, an inmate at Smith State Prison in Glennville, Georgia, has filed a *pro se* amended complaint against Defendant Redfin Corporation, Inc. ("Redfin") related to a contract for the sale of real property. (Doc. 12.) The matter is before the Court on Defendant's motion to dismiss the amended complaint. For the reasons stated below, **IT IS RECOMMENDED** that (1) Defendant's motion to dismiss the amended complaint be **GRANTED**, (2) the amended complaint be **DISMISSED** under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, and (3) the case be closed. Plaintiff's motions to strike Defendant's Rule 12(b)(6) motion is **DENIED**. Plaintiff's motion "for contempt and sanctions" is also **DENIED**. All other pending motions are **DENIED AS MOOT**.

## I.     Plaintiff's Amended Complaint

The operative amended complaint invokes federal jurisdiction based on diversity of citizenship between Plaintiff and Redfin, a Washington corporation. (Doc. 12 at 1-2); *see also* 28 U.S.C. § 1332.  Redfin is the only defendant named in the amended complaint.  (Doc. 12 at 2-3.)

In the amended complaint, Plaintiff alleges that, on April 29, 2018, Mohammed Kashif Anwer ("Buyer") entered a contract to purchase unidentified real property from Plaintiff. (*Id.* at 5-6.)  Buyer was represented by his wife, Sheena Anwer, and by her supervisor, Kelley Sweet, both of whom were Redfin employees.  (*See id.* at 3-5.)  Buyer requested three amendments to the purchase contract, and Plaintiff agreed to the first two but refused the third and refused subsequent requests by Buyer for additional repairs, price modifications, and adjustments to closing costs.  (*Id.* at 4-8.)  Plaintiff alleges that, after he refused to further amend the purchase contract, Sheena Anwer "threatened" to "ride out" the contract until the closing date and then "walk away," which would keep the property off the market for three weeks during the "prime of the market."  (*Id.* at 8.) On May 22, 2018, Buyer submitted a proposed mutual termination of the purchase contract, which Plaintiff refused to agree to.  (*Id.* at 8-9.)  Plaintiff alleges that, after

he refused to mutually terminate, Sheena Anwer again "threatened" to "ride out" the contract to keep the property off the market for three weeks. (*Id.* at 11.)

On May 30, 2018, Sheena Anwer and Sweet notified Plaintiff's listing agent that Redfin's legal team had advised Buyer to terminate the purchase contract. (*Id.* at 9.) That same day, Buyer unilaterally terminated the purchase contract. (*Id.* at 9-10.) Plaintiff asserts that the reasons given for termination were demonstrably false and pretextual and that the actual reason was that the property did not appraise for the amount Buyer expected. (*Id.*)

Plaintiff contends that he was injured by the termination of the purchase contract because the actual sale price three months later was $5,600 less than the price under the terminated purchase contract and because he incurred $30,055 additional costs in repairs/improvements, mortgage interest, and closing cost contributions incident to the lost sale. (*Id.* at 13-14.) Plaintiff also alleges that he suffered emotional distress including depression and anxiety, resulting in consequential damages of $100,000. (*Id.* at 14, 16.) Plaintiff indicates that he is raising claims under Georgia law for (1) tortious interference with contract,

(2) intentional infliction of emotional distress, and (3) "unethical hiring practices."[1] (*Id.* at 14-15.) He also seeks an award of punitive damages in the amount of $250,000. (*Id.* at 16.)

## II. Defendant's Motion to Dismiss

Defendants move to dismiss the amended complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 48.) Rule 12(b)(6) authorizes a motion to dismiss all or some of the claims in a complaint on the ground that its allegations fail to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). The court assumes the factual allegations in the complaint are true and gives the plaintiff the benefit of all reasonable factual inferences. *Hazewood v. Foundation Financial Group, LLC*, 551 F.3d 1223, 1224 (11th Cir.2008).

To state a claim for relief, "[a] plaintiff . . . must plead facts sufficient to show that [his] claim has substantive plausibility" and to inform the defendant of "the factual basis" for the complaint. *Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (*per curiam*). In order to satisfy the plausibility standard, the plaintiff must

---

[1] The amended complaint also apparently asserts two breach-of-contract claims against the buyer, Mohammed Anwer. (Doc. 12 at 15.) However, Plaintiff dropped Mohammed Anwer as a defendant when he amended his complaint. (*See id.* at 2-3.) Because Mohammed Anwer is no longer a defendant in this action, these allegations fail to state a claim.

plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

### A. Tortious Interference with Contract

Plaintiff alleges that Redfin, through its employees Sheena Anwer and Sweet, committed the tort of tortious interference with contract or "tortious inducement of breach of contract" by inducing Mohammed Anwer to breach his purchase contract with Plaintiff. (Doc. 12 at 14.)

Defendant responds that Plaintiff fails to state a claim for tortious interference with contract because Defendant was not a "third party" or "stranger" to the contract where it represented the buyer in the real estate transaction. (Doc. 48-1 at 5-6.) Defendant emphasizes that there is nothing actionable about a real estate broker discussing with their client whether and on what terms they should consider terminating a purchase contract. (*Id.* at 5.)

Under Georgia law, it is an essential element to a claim or tortious interference with contractual relationships that the plaintiff establish that the defendant was a "third party" or "stranger" to the contract. *See Atlanta Mkt. Ctr. Mgmt. Co. v. McLane*, 503 S.E.2d 278, 282-83 (Ga. 1998). "One is not a stranger

to the contract just because one is not a party to the contract[.]" *Id.* Indeed, Georgia Courts repeatedly have held that a defendant is not a stranger to the contract where it was in an agency relationship with one of the parties. *See id.* (collecting cases and pointing to various third-party relationships to contracts that foreclose tortious interference claims).

Here, Plaintiff alleges that Redfin, through its employees Sheena Anwer and Sweet, acted as the buyer's agent in the real estate transaction, characterizing them as the buyer's "agent" and "broker," respectively. (*See* doc. 12 at 3-4.) Defendant's agent-principal relationship with the buyer is fatal to Plaintiff's tortious interference claims. *See Atlanta Mkt. Ctr. Mgmt. Co.*, 503 S.E.2d at 282-83. These claims are due to be dismissed under Rule 12(b)(6).

### B. Intentional Infliction of Emotional Distress

Plaintiff alleges that Redfin, through its employees Sheena Anwer and Sweet, committed the tort of intentional infliction of emotional distress by threatening to delay termination of the contract by approximately three weeks in order to keep Plaintiff's property under contract and off the market. (Doc. 12 at 15.) Plaintiff contends that Defendant's actions caused him to suffer emotional distress "including depression and anxiety." (*Id.* at 14.)

Defendant responds that this claim is barred by the two-year statute of limitations because, although Plaintiff filed the suit within the statute of limitations, defendant was not served within two years of the claim accruing. (Doc. 48-1 at 6.) Defendant argues that a delay of more than two years in serving the amended complaint is unjustifiable and warrants dismissal. (*Id.* at 7.) Alternatively, Defendant argues that the conduct alleged by Plaintiff is not sufficiently extreme to support a claim for intentional infliction of emotional distress. (*Id.* at 8-9.)

As an initial matter, the Court is mindful of the fact that a great deal of the delay in serving Defendant in this case is attributable to the pre-screening procedure applicable in prisoner cases and the fact that prisoners must rely on the U.S. Marshals Service to serve complaints pursuant to court orders. *See Fowler v. Jones*, 899 F.2d 1088, 1094-95 (11th Cir. 1990) (explaining that *pro se* prisoners are entitled to rely on the U.S. Marshal for service of the summons and complaint). In any event, the Court agrees that Plaintiff has not alleged a viable claim for intentional infliction of emotional distress.

To state a claim for intentional infliction of emotional distress under Georgia law, a plaintiff must allege that: (1) the conduct is intentional or reckless; (2) the conduct is extreme or outrageous; (3) there is a causal connection between the

wrongful conduct and the emotional distress; and (4) the emotional distress is severe. *See Northside Hosp., Inc. v. Ruotanen*, 541 S.E.2d 66, 68-69 (Ga. Ct. App. 2000). "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* at 69. Whether certain conduct is sufficiently extreme and outrageous to support a claim for intentional infliction of emotional distress is a question of law. *Cottrell v. Smith*, 788 S.E.2d 772, 780 (Ga. 2016).

Here, the core conduct alleged by Plaintiff—threatening to prolong a purchase contract for three weeks before terminating—falls far short of the sort of "extreme" and "outrageous" conduct necessary to support a claim for intentional infliction of emotional distress. *See id.*; *see also, e.g.*, *Miraliakbari v. Pennicooke*, 561 S.E.2d 483, 487-88 (Ga. Ct. App. 2002) ("liability does not extend to "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities of daily living"). Indeed, this Court is unaware of any Georgia caselaw finding intentional infliction of emotional distress based on a mere breach of contract, and Georgia courts routinely reject such claims. *See Massih v. Mulling*, 610 S.E.2d 657, 660 (Ga. Ct. App. 2005) (An employer's alleged breach of an oral contract to

8

transfer an ownership interest in the company to an employee would not support the employee's claim for intentional infliction of emotional distress); *Frank v. Fleet Fin., Inc. of Ga.*, 518 S.E.2d 717, 720 (Ga. Ct. App. 1999) (finding that lender's alleged bad faith failure to close sale of house for almost two years was not extreme or outrageous); *Discovery Point Franchising v. Miller*, 505 S.E.2d 822 (Ga. Ct. App. 1998) (sharp business practices do not rise to level of outrageousness to support a claim for intentional infliction of emotional distress); *Fisher v. Toombs Cnty. Nursing Home*, 479 S.E.2d 180 (Ga. Ct. App. 1996) (nursing home's conduct in discharging a patient in violation of contract was not outrageous or egregious); s*ee also, e.g., Clary v. Allstate Fire & Cas. Ins. Co.*, 795 S.E.2d 757, 764 (Ga Ct. App. 2017) ("[A] mere breach of a valid contract amounting to no more than a failure to perform in accordance with its terms does not constitute a tort or authorize the aggrieved party to pursue a tort action, even if the alleged breach caused great hardship.") (internal citation and alterations omitted).  Further, Plaintiff also has not alleged that he suffered emotional distress so severe that no reasonable person could be expected to endure it.  *See Ruotanen*, 541 S.E.2d at 68-69.  This claim is due to be dismissed under Rule 12(b)(6).

9

### C. "Unethical Hiring Practices"

Plaintiff alleges that Redfin engaged in "unethical hiring practices" by hiring Sheena Anwer and Sweet and by failing to terminate their employment after he complained repeatedly to Redfin about their "unethical" conduct. (Doc. 12 at 15.)

Defendant responds that Plaintiff has not alleged a valid cause of action for negligent hiring or retention, and that Sheena Anwer's and Sweet's conduct is not actionable. (Doc. 48-1 at 9-10.)

The Court agrees that Plaintiff has failed to allege any viable cause of action. There is no such tort as "unethical hiring practices" at Georgia law. Assuming as Defendant does that Plaintiff is attempting to raise a claim of negligent hiring and/or negligent retention, "[t]he appropriate standard of care in a negligent hiring/retention action is whether the employer knew or should have known the employee was not suited for the particular employment." *Coe v. Carroll & Carroll, Inc.*, 709 S.E.2d 324, 333 (Ga. Ct. App. 2011). "The causation element requires showing that, given the employee's dangerous propensities, the victim's injuries should have been foreseen as the natural and probable consequence of hiring the employee." *TGM Ashley Lakes, Inc., v. Jennings*, 590 S.E.2d 807, 813 (Ga. Ct. App. 2003).

Here, Plaintiff has not even attempted to allege that (1) Sheena Anwer and Sweet were unsuited for their employment, or (2) that Redfin knew or should have known the same. Plaintiff's conclusory and unsupported allegations that they should have been terminated for behaving "unethically" fail to comply with Fed. R. Civ. P. 8's pleading standard and fail to state a claim. *See Iqbal*, 556 U.S. at 678 ("[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.") (internal citation omitted).[2]

Accordingly, because all claims against the only named Defendant fail to state a claim, **IT IS RECOMMENDED** that (1) Defendant's motion to dismiss the amended complaint be **GRANTED**, (2) the amended complaint be **DISMISSED**

---

[2] Plaintiff also demands declaratory and injunctive relief. (Doc. 12 at 15.) "Declaratory relief is a procedural device which depends on an underlying substantive cause of action and cannot stand on its own." *Eveillard v. Nationstar Mortg. LLC*, No. 14-CIV-61786, 2015 WL 127893, at *9 (S.D. Fla. Jan. 8, 2015). Likewise, "injunctive relief is not a standalone claim and is instead a remedy for substantive legal claims." *Brown v. Progressive Mountain Ins. Co.*, No. 3:21-CV-175-TCB, 2022 WL 18777475, at *8 (N.D. Ga. Aug. 15, 2022) (citing *Alabama v. U.S. Army Corps of Eng'rs*, 424 F.3d 1117, 1127 (11th Cir. 2005)). Because his substantive counts are subject to dismissal, Plaintiff is not entitled to either declaratory or injunctive relief.

11

under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, and (3) the case be closed.[3]

### III. Plaintiff's Motion "for Contempt and Sanctions"

Plaintiff moves this Court to hold Defendant in contempt and sanction Defendant for failing to pay the bill of costs of § 507.95 in Appeal No. 20-13598. (Doc. 50.) Specifically, Plaintiff states that the Eleventh Circuit awarded Plaintiff a bill of $507.95 to be taxed against the appellee. (*Id.* at 1.) Plaintiff states that he has written Defendant's counsel requesting that Defendant pay the bill of costs, but Defendant has not done so. (*Id.*)

---

[3] Where it appears that a more carefully drafted complaint might state a claim, a *pro se* plaintiff should normally be given an opportunity to amend the complaint before the court dismisses the action; however, the Court need not grant leave to amend "where amendment would be futile." *De Souza v. JPMorgan Chase Home Lending Div.*, 608 F. App'x 776, 781 (11th Cir. 2015) (holding that the court need not grant leave to amend "where amendment would be futile"). Here, it is clear that any amendment of the claims that Plaintiff raises in this case would be futile since Defendant is not a stranger to the contract, the alleged conduct falls far short of being sufficiently outrageous to state an intentional infliction of emotional distress claim under Georgia law, and there is no cause of action for "unethical hiring practices," much less any plausible basis to believe that Sheena Anwer and Sweet were unsuited for their employment, or that Redfin knew or should have known the same.

Defendant responds that Plaintiff's motion should be denied because Defendant had not been served and, therefore, was not joined as a party to this action at the time the bill of costs was entered. (Doc. 52 at 2-3.)

Plaintiff replies that the bill of costs is fairly taxable against Defendant because counsel for Defendant entered appearances in this Court and in the Eleventh Circuit and did not object to personal jurisdiction in either instance, thereby submitting to jurisdiction. (Doc. 59 at 2-3, 5-6.) Plaintiff further argues that Defendant did not object in the Eleventh Circuit or move for reconsideration or to recall the mandate and this Court is bound to enforce the mandate from the Eleventh Circuit taxing appeal costs against Defendant. (*Id.* at 4-5.)

As background, Plaintiff appealed this Court's September 1, 2020, order *sua sponte* dismissing this action for lack of subject matter jurisdiction. (*See* docs. 24, 25, 27.) The Eleventh Circuit reversed this Court's jurisdictional dismissal and remanded for further proceedings. (Docs. 33, 34.) The Eleventh Circuit entered its mandate on January 14, 2022, and purported to tax costs of $507.95 against "Appellee." (Doc. 34 at 1.)

It is undisputed that Defendant Redfin Corporation was not served with process in this action until it filed its waiver of service on October 3, 2022. (*See*

13

doc. 47.) "Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process."). Contrary to Plaintiff's arguments, an attorney appearance does not confer personal jurisdiction over the defendant under the current Federal Rules of Civil Procedure. *See Pouyeh v. Pub. Health Trust of Jackson Health Sys.*, 718 F. App'x 786, 790-91 (11th Cir. 2017) (*per curiam*) (explaining that the old technical distinction between a "general" and "special" appearance has been abolished, and that defendant did not waive personal jurisdiction by entering an attorney notice of appearance). Because Defendant had not been served with process at the time the Eleventh Circuit entered its mandate, the portion of that mandate taxing costs is ineffective against Defendant. *See Murphy Bros.*, 526 U.S. at 350 (1999) (explaining that, without service of process, a court ordinarily may not exercise power over a party named as a defendant in a complaint).

Plaintiff's motion "for contempt and sanctions" is **DENIED**.

## IV. CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that (1) Defendant's motion to dismiss the amended complaint [48] be **GRANTED**, (2) the amended complaint [12] be **DISMISSED** under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, and (3) the case be closed.

Plaintiff's motion to strike Defendant's motion to dismiss [49] is **DENIED**.[4]

Plaintiff's motion "for contempt and sanctions" [50] is **DENIED**.

All other pending motions [51], [55], [57] are **DENIED AS MOOT** in light of the recommendation that this case be dismissed.

The Clerk of Court is **DIRECTED** to terminate the referral to the undersigned United States Magistrate Judge.

**SO ORDERED AND RECOMMENDED**, this 4th day of May, 2023.

---

[4] Plaintiff moves to strike Defendant's motion to dismiss, claiming that Defendant failed to comply with this Court's local rules by serving him with a "second original" of its motion instead of a "copy" as required by this Court's rules. (Doc. 49 at 1.) Plaintiff's motion is not well taken. Plaintiff acknowledges that he did, in fact, receive the motion to dismiss. (*See id.*) The distinction that Plaintiff is attempting to draw between a "second original" and a "copy" is frivolous and without a basis in law.

_____
JOHN K. LARKINS III
United States Magistrate Judge